**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

NEW PA PROJECT EDUCATION FUND,　　:　No. 112 MM 2024
NAACP PENNSYLVANIA STATE　　　　　:
CONFERENCE, COMMON CAUSE　　　　:
PENNSYLVANIA, LEAGUE OF WOMEN　:
VOTERS OF PENNSYLVANIA, BLACK　　:
POLITICAL EMPOWERMENT PROJECT,　:
POWER INTERFAITH, MAKE THE ROAD　:
PENNSYLVANIA, ONE PA ACTIVISTS　　:
UNITED, CASA SAN JOSE, AND　　　　:
PITTSBURGH UNITED,　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　Petitioners　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　v.　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
AL SCHMIDT, IN HIS OFFICIAL CAPACITY　:
AS SECRETARY OF THE　　　　　　　:
COMMONWEALTH, AND ALL 67 COUNTY　:
BOARDS OF ELECTIONS (ADAMS　　　:
COUNTY BOARD OF ELECTIONS;　　　:
ALLEGHENY COUNTY BOARD OF　　　:
ELECTIONS; ARMSTRONG COUNTY　　:
BOARD OF ELECTIONS; BEAVER　　　:
COUNTY BOARD OF ELECTIONS;　　　:
BEDFORD COUNTY BOARD OF　　　　:
ELECTIONS; BERKS COUNTY BOARD OF　:
ELECTIONS; BLAIR COUNTY BOARD OF　:
ELECTIONS; BRADFORD COUNTY　　　:
BOARD OF ELECTIONS; BUCKS COUNTY　:
BOARD OF ELECTIONS; BUTLER　　　:
COUNTY BOARD OF ELECTIONS;　　　:
CAMBRIA COUNTY BOARD OF　　　　:
ELECTIONS; CAMERON COUNTY BOARD　:
OF ELECTIONS; CARBON COUNTY　　　:
BOARD OF ELECTIONS; CENTRE　　　:
COUNTY BOARD OF ELECTIONS;　　　:
CHESTER COUNTY BOARD OF　　　　:
ELECTIONS; CLARION COUNTY BOARD　:
OF ELECTIONS; CLEARFIELD COUNTY　:
BOARD OF ELECTIONS; CLINTON　　　:

COUNTY BOARD OF ELECTIONS; :
COLUMBIA COUNTY BOARD OF :
ELECTIONS; CRAWFORD COUNTY :
BOARD OF ELECTIONS; CUMBERLAND :
COUNTY BOARD OF ELECTIONS; :
DAUPHIN COUNTY BOARD OF :
ELECTIONS; DELAWARE COUNTY :
BOARD OF ELECTIONS; ELK COUNTY :
BOARD OF ELECTIONS; ERIE COUNTY :
BOARD OF ELECTIONS; FAYETTE :
COUNTY BOARD OF ELECTIONS; :
FOREST COUNTY BOARD OF :
ELECTIONS; FRANKLIN COUNTY BOARD :
OF ELECTIONS; FULTON COUNTY :
BOARD OF ELECTIONS; GREENE :
COUNTY BOARD OF ELECTIONS; :
HUNTINGDON COUNTY BOARD OF :
ELECTIONS; INDIANA COUNTY BOARD :
OF ELECTIONS; JEFFERSON COUNTY :
BOARD OF ELECTIONS; JUNIATA :
COUNTY BOARD OF ELECTIONS; :
LACKAWANNA COUNTY BOARD OF :
ELECTIONS; LANCASTER COUNTY :
BOARD OF ELECTIONS; LAWRENCE :
COUNTY BOARD OF ELECTIONS; :
LEBANON COUNTY BOARD OF :
ELECTIONS; LEHIGH COUNTY BOARD OF :
ELECTIONS; LUZERNE COUNTY BOARD :
OF ELECTIONS; LYCOMING COUNTY :
BOARD OF ELECTIONS; MCKEAN :
COUNTY BOARD OF ELECTIONS; :
MERCER COUNTY BOARD OF :
ELECTIONS; MIFFLIN COUNTY BOARD :
OF ELECTIONS; MONROE COUNTY :
BOARD OF ELECTIONS; MONTGOMERY :
COUNTY BOARD OF ELECTIONS; :
MONTOUR COUNTY BOARD OF :
ELECTIONS; NORTHAMPTON COUNTY :
BOARD OF ELECTIONS; :
NORTHUMBERLAND COUNTY BOARD OF :
ELECTIONS; PERRY COUNTY BOARD OF :
ELECTIONS; PHILADELPHIA COUNTY :
BOARD OF ELECTIONS; PIKE COUNTY :
BOARD OF ELECTIONS; POTTER :
COUNTY BOARD OF ELECTIONS; :
SCHUYLKILL COUNTY BOARD OF :

ELECTIONS; SNYDER COUNTY BOARD : 
OF ELECTIONS; SOMERSET COUNTY : 
BOARD OF ELECTIONS; SULLIVAN : 
COUNTY BOARD OF ELECTIONS; : 
SUSQUEHANNA COUNTY BOARD OF : 
ELECTIONS; TIOGA COUNTY BOARD OF : 
ELECTIONS; UNION COUNTY BOARD OF : 
ELECTIONS; VENANGO COUNTY BOARD : 
OF ELECTIONS; WARREN COUNTY : 
BOARD OF ELECTIONS; WASHINGTON : 
COUNTY BOARD OF ELECTIONS; WAYNE : 
COUNTY BOARD OF ELECTIONS; : 
WESTMORELAND COUNTY BOARD OF : 
ELECTIONS; WYOMING COUNTY BOARD : 
OF ELECTIONS; AND YORK COUNTY : 
BOARD OF ELECTIONS), : 
 : 
              Respondents : 

## CONCURRING STATEMENT

**JUSTICE BROBSON**                                  **FILED: October 5, 2024**

I join the *per curiam* disposition of this matter. In *Republican National Committee v. Schmidt*, (Pa., No. 108 MM 2024, filed Oct. 5, 2024) (*RNC*) (PCO), we denied the application for King's Bench in that matter expressly invoking the equitable doctrine of laches. In my respectful view, that same conclusion is warranted here with respect to Petitioners' Application for Exercise of King's Bench or Extraordinary Jurisdiction ("Application").

This Court issued its opinion on undated and incorrectly dated ballot envelopes in *Ball v. Chapman*, 289 A.3d 1 (Pa. 2023), in February 2023, definitively concluding: "*The Election Code commands* absentee and mail-in electors to date the declaration that appears upon ballot return envelopes, and failure to comply with that command renders a ballot invalid as a matter of Pennsylvania law." *Ball*, 289 A.3d at 28 (emphasis added). Petitioners then, inexplicably, waited over a year—during which time the Commonwealth conducted a municipal primary, municipal election, and general primary election—to

challenge the envelope dating requirement, as interpreted by this Court in *Ball*, as unconstitutional under the Free and Equal Elections Clause in Article I, Section 5 of the Pennsylvania Constitution. They first did so in a jurisdictionally deficient petition for review filed in the Commonwealth Court on May 28, 2024. *See Black Political Empowerment Project v. Schmidt* (Pa., No. 283 M.D. 2024, filed Sept. 19, 2024) (PCO). When that failed, they filed the instant application with this Court on September 25,2024—one week after the petitioners filed their King's Bench application in *RNC*. Under these circumstances, Petitioners belated requests in their defective petition in the Commonwealth Court and their Application created the very exigency that they now invoke in their Application. For this reason, I agree that the Application should be denied.

In response to the Chief Justice's dissenting statement, I note that Sections 1306(a) and 1306-D(a) of the Election Code, 25 P.S. §§ 3146.6(a) and 3150.16(a), as recently interpreted by this Court in *Ball*, "are strongly presumed to be constitutional." *Pa. State Ass'n of Jury Comm'rs v. Commonwealth*, 64 A.3d 611, 618 (Pa. 2013). The fact that someone or some entity raises a constitutional question about a statute, in light of this strong presumption, does not, in my respectful view, create uncertainty. *See Commonwealth v. Rollins*, 292 A.3d 873, 879 (Pa. 2023) ("[L]egislative exactments are presumed constitutional, and the party challenging the constitutionality of a statute bears a heavy burden of persuasion."). To the contrary, it is what has become an all-too-common practice of litigants who postpone seeking judicial relief on election-related matters until the election is underway that creates uncertainty. Moreover, the ability to develop a record upon which this matter could be decided would be difficult on the compressed timeframe engineered by Petitioners.

This Court's disposition of the King's Bench applications in this matter and in *RNC* should discourage all who look to the courts of the Commonwealth to change the rules in the middle of an ongoing election.

Justice Mundy joins this concurring statement.